UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

№ 07-CV-3906 (JFB) (ETB)

THEODORE STAIR, INDIVIDUALLY, THEODORE STAIR, AN OFFICER, DIRECTOR, AND
SHAREHOLDER OF AMERICAN VIRGIN ENTERPRISES, LTD., DERIVATIVELY ON
BEHALF OF AMERICAN VIRGIN ENTERPRISES, INC., AND THEODORE STAIR, A
MEMBER OF SIRIUS DEVELOPMENT, LLC, DERIVATIVELY ON BEHALF OF SIRIUS
DEVELOPMENT, LLC,

Plaintiffs,

VERSUS

RORY CALHOUN, JOHN HANRAHAN, ROBERT E. PARELLA,
AND H. LINWOOD GILBERT,

Defendants.

**MEMORANDUM AND ORDER**
October 8, 2009

JOSEPH F. BIANCO, District Judge:

By Memorandum and Order dated March 23, 2009, the Court granted in part and dismissed in part certain of the claims brought by plaintiffs (1) Theodore Stair ("Stair"), individually; (2) Theodore Stair, an officer, director, and shareholder of American Virgin Enterprises, Ltd., derivatively on behalf of American Virgin Enterprises, Ltd.;[1] and (3) Theodore Stair, a member of Sirius Development, LLC, derivatively on behalf of Sirius Development, LLC ("Sirius") (collectively, "plaintiffs"), pursuant to the laws of New York State and the U.S. Virgin Islands, against defendants Rory Calhoun ("Calhoun"), John Hanrahan ("Hanrahan"), Robert E. Parella ("Parella"), and H. Linwood Gilbert ("Gilbert"), as well as several defendants who are no longer named in this action. In particular, the Court dismissed

---

[1] The Court construes the caption of the complaint, which states that Stair brings the claim as "an officer, director and shareholder of American Virgin Enterprises, Ltd., derivatively on behalf of American Virgin Enterprises, *Inc*.," to mean "derivatively on behalf of American Virgin Enterprises, *Ltd*." (emphasis added).

Count III in the initial complaint, brought against Calhoun, Hanrahan, Parella, and Gilbert, for failure to plead fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and granted plaintiffs leave to amend the complaint with respect to that claim.

Plaintiffs subsequently filed a second amended complaint in this action on May 27, 2009 (hereinafter, the "amended complaint" or "second amended complaint"). Count III of the second amended complaint asserts a claim of common law fraud only against defendants Calhoun and Hanrahan. Calhoun and Hanrahan now move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss this claim once again for failure to plead fraud with particularity under Rule 9(b). For the reasons set forth below, the Court grants the motion to dismiss Count III with respect to defendant Hanrahan, but denies it with respect to Calhoun.

I. BACKGROUND

The Court assumes familiarity with the facts, as set forth in detail in the Court's Memorandum and Order dated March 23, 2009. In deciding this motion to dismiss, as noted *infra*, the Court assumes the facts alleged in the second amended complaint to be true and construes them in the light most favorable to plaintiffs, the non-moving party.

Plaintiffs filed the initial complaint in this action on September 18, 2007. By Memorandum and Order dated March 23, 2009, the Court, *inter alia*, granted defendants Calhoun, Hanrahan, Parella, Gilbert, and T-Rex St. John LLC's motion to dismiss Count III of the complaint for failure to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

Plaintiffs filed a first amended complaint on April 30, 2009. On May 22, 2009, a stipulation was so ordered by the Court, in which plaintiffs agreed to delete any reference to former defendant T-Rex St. John LLC, against whom all claims were dismissed pursuant to the Court's Memorandum and Order dated March 23, 2009. On May 27, 2009, plaintiffs filed the second amended complaint, in accordance with the May 22, 2009 stipulation.

Defendants Calhoun and Hanrahan submitted the instant motion on June 23, 2009. Plaintiffs responded in opposition on July 22, 2009, and defendants thereafter replied on August 5, 2009. Oral argument was held on August 14, 2009.

On July 22, 2009, the parties submitted a stipulation in which plaintiffs agreed to strike subparagraphs (a) and (b) of paragraph 20 and paragraph 34 of the second amended complaint. This stipulation was so ordered on August 14, 2009.

II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). The plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 563 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Supreme Court recently clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 129 S.Ct. 1937 (2009). The Court instructed district courts to first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations[,] a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (quoting and citing *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

### III. DISCUSSION

With respect to the claim for common law fraud set forth in Count III, Calhoun and Hanrahan argue that the claim must be dismissed, for a second time, for failure to plead fraud with particularity, pursuant to the requirements of Rule 9(b). As set forth below, the Court agrees that the claim should be dismissed with respect to defendant Hanrahan, but not with respect to defendant Calhoun.

As explained in the Court's prior Memorandum and Order, claims concerning fraud are subject to heightened pleading standards. *See* Fed. R. Civ. P. 9(b) (requiring that in allegations of fraud, the circumstances constituting fraud be stated with particularity, although malice, intent, knowledge, and other conditions of a person's mind may be alleged generally). "In order to comply with Rule 9(b), 'the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)); *accord Knoll v. Schectman*, 275 Fed. App'x 50, 51, 2008 WL 1868440, at *1 (2d Cir. Apr. 25, 2008)). Conclusory allegations of fraud will be dismissed under Rule 9(b). *See Shemtob v. Shearson, Hammill & Co.*, 448 F.2d 442, 444 (2d Cir. 1971).

Because "the complaint should inform each defendant of the nature of his alleged participation in the fraud[,]" *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987), the Court examines the allegations made against each defendant in turn.

#### 1. Calhoun

As in the first amended complaint, the focus of plaintiffs' allegations is on the actions of Calhoun. A careful review of both the first amended and second amended complaints reveals that plaintiffs have made, in addition to repeating the allegations made

3

in the initial complaint, the following additional averments with respect to Calhoun:

> (1) With respect to the alleged misrepresentation that AVE1 was "merely 'dissolved for inactivity' in or around 1997, when, in fact, AVE1 was administratively dissolved on March 24, 1993 for failure to comply with its franchise tax obligations[,]" plaintiffs have added the date on which the statement was allegedly made: October 24, 2001. (Am. Compl. ¶ 14.)
>
> (2) With respect to the statement in (1), plaintiff also adds: "Upon information and belief Calhoun made this fraudulent statement in an attempt to persuade Stair to ratify AVE2, which Calhoun would be able to control." (Am. Compl. ¶ 15.)
>
> (3) With respect to the alleged misrepresentations made during the November 24, 2001 meeting, plaintiffs further allege that "Childs, DiRaimondo and the other stockholders of AVE1 would be taken care of down the line." (Am. Compl. ¶ 20.)
>
> (4) With respect to the statement in (3) and the alleged misrepresentation that the "[f]ormation of AVE2 was a legally acceptable alternative to reinstatement via satisfaction of AVE1[,]"[2] the following is further averred: "All of the above statements were fraudulent and made with the fraudulent intent to induce plaintiff to ratify the new corporation. At the time of the ratification, Calhoun and Hanaran [sic] and Stair had equal shares in the new corporation. At the time Calhoun made the fraudulent statements to Stair, with the intent that Stair rely on them, Calhoun knew that if the new corporation was ratified, Stair would be in the minority, would be outvoted every time and Calhoun would be able to control the corporation with the assistance of Hanaran [sic]. In fact, one of the actions ratified by the new corporation appointed Calhoun AVE2's counsel and gave him unlimited authority to negotiate, litigate, settle, or/and adjudicate all matters of the corporation." (Am. Compl. ¶ 21.)

The Court finds that these additional allegations, when considered in conjunction with the allegations contained in the initial complaint (which are repeated in the second amended complaint) and drawing all reasonable inferences in favor of plaintiffs, are sufficient to meet the heightened standard

---

[2] The additional misrepresentations alleged to have been made during the November 24, 2001 meeting contained in the second amended complaint have been stricken, per the stipulation so ordered on August 14, 2009.

4

set forth by Rule 9(b). First, the second amended complaint has added details, including the dates of specific conduct, which the Court noted were lacking in the original complaint. Also, the allegations contained in the second amended complaint make clear that Calhoun allegedly made certain misrepresentations in October 2001 and at the November 2001 meeting knowing that such statements were false and with the intent that Stair rely on them. The complaint further alleges that Stair did rely on these alleged misstatements to his detriment. Specifically, Stair alleges that he consented to and/or ratified the actions taken during that November 2001 meeting which included the election of officers, appointment of directors, and allocations of shares in AVE2 based upon Calhoun's representations, and would otherwise not have consented to those actions. (Am. Compl. ¶¶ 22-23.) Thus, plaintiffs' claim against Calhoun sounds in fraudulent inducement, s*ee Cohen v. Koenig*, 25 F.3d 1168, 1173 (2d Cir. 1994) ("[A] valid fraud claim may be premised on misrepresentations that were made before the formation of the contract and that induced the plaintiff to enter the contract."), and the circumstances surrounding the fraud have been pled with sufficient particularity. *See, e.g.*, *Astroworks, Inc. v. Astroexhibit, Inc.*, 257 F. Supp. 2d 609, 618 (S.D.N.Y. 2003) (finding Rule 9(b) pleading standard satisfied where "Zsidisin has alleged four misrepresentations and has explained their content, who made them (Liebowitz), when they were made (at the March 2000 meeting), where they were made (at a restaurant, with Karen Lewis present), and why they were made (to induce Zsidisin to form a company with Liebowitz)."). Although defendants dispute whether or not Stair was in a position, as President of AVE1, to justifiably rely on some or all of these alleged misrepresentations, such considerations are not ascertainable on a motion to dismiss. Indeed, whether or not reliance was justifiable is typically a question of fact, and reliance has thus been pled adequately in this case to withstand a motion to dismiss.[3] *See Stamelman v. Fleishman-Hillard, Inc.*, No. 02 Civ.8318 (SAS), 2003 WL 21782645, at *7 (S.D.N.Y. July 31, 2003) ("In a fraud action, a trier of fact must ultimately find that the reliance was reasonable."); *Doehla v. Wathne Ltd., Inc.*, No. 98 Civ. 6087, 1999 WL 566311, at *10 (S.D.N.Y. Aug. 3, 1999) ("Whether or not reliance on alleged misrepresentations is reasonable in the context of a particular case is intensely fact-specific and generally considered inappropriate for determination on a motion to dismiss." (citation omitted)).

Moreover, the second amended complaint, in addition to adequately alleging the circumstances of the alleged fraud, also pleads scienter on the part of Calhoun. Specifically, plaintiffs' addition of Calhoun's alleged motive to encourage the ratification of AVE2, which he could control to his benefit, coupled with supporting allegations of fact already contained in the original complaint, are sufficient to allege fraudulent intent. *See Lerner*, 459 F.3d at 290-91 ("The requisite

---

[3] Similarly, defendants' argument that plaintiffs are unable to show any damages resulting from this alleged fraud is a matter best left for a later stage of the proceedings, since the monetary interests at stake have not yet been determined. Indeed, although at oral argument counsel for defendants Calhoun and Hanrahan argued that plaintiffs have failed to show damages, detrimental reliance, and/or falsity of the alleged misstatements, the Court is not addressing the merits of plaintiffs' fraud claim, but only its sufficiency under the pleading standard set forth by Rule 9(b).

5

'strong inference' of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness.") (internal quotations and citations omitted). In this case, the alleged facts indicate that Calhoun, as co-fiduciary and attorney, made the allegedly fraudulent statements, with a motive and opportunity to do so, in October and/or November 2001. *See Stamelman*, 2003 WL 21782645, at *6 n.3 ("The usual finding of clear opportunity arises when the defendant is already well positioned to carry out the fraudulent transaction, such as when he possesses the necessary trust and authority. (citing *Powers v. British Vita, P.L.C.*, 57 F.3d 176, 185 (2d Cir. 1995)). Using motive and opportunity to establish scienter requires allegations of "concrete benefits that could be realized by one or more of the false statements and wrongful disclosures alleged." *Novak v. Kasaks*, 216 F.3d 300, 307 (2d Cir. 2000); *see also Lam v. Am. Express Co.*, 265 F. Supp. 2d 225, 235 (S.D.N.Y. 2003) ("Given the difficulty of proving the defendant's state of mind, in particular at the early stages of a litigation, the intent element may be sufficiently demonstrated by specifying a motive for the defendant to commit fraud, *i.e.*, that the defendant benefitted from the alleged fraud, and had a clear opportunity to commit fraud."). However, "[m]otives that are generally possessed by most corporate directors and officers do not suffice; instead, plaintiffs must assert a concrete and personal benefit to the individual defendants resulting from the fraud." *Kalnit v. Eichler*, 264 F.3d 131, 139 (2d Cir. 2001). Thus, although a general motive on the part of Calhoun to increase his control over the corporation, as a shareholder of the company, may be insufficient, without more, to give rise to a strong inference of fraudulent intent, that is not the case here; the second amended complaint plainly indicates that Calhoun made the alleged misrepresentations with the intent to gain control, at the expense of other shareholders, of AVE1 in a new form, namely AVE2 (*see* Am. Compl. ¶ 21 ("one of the actions ratified by the new corporation appointed Calhoun AVE2's counsel and gave him unlimited authority to negotiate, litigate, settle or/and adjudicate all matters of the corporation")), in connection with his alleged subsequent actions in breaching his duties to the shareholders of AVE1 and/or AVE2. Although defendants argue that Stair's allegations regarding motive are merely conclusory and based on his speculation, it is well established that motive may be pled generally, as long as there are some factual allegations that form the basis for the intent, which the Court determines is present here. *See* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be averred generally."). In sum, and contrary to defendants' contention, it is not a "mystery" as to the basis for Stair's claim that Calhoun made these alleged misstatements with fraudulent intent – it is apparent from the second amended complaint, taken as a whole, that Calhoun allegedly made these statements so that AVE2 would be ratified in a form under which he would have full authority to control its assets to his benefit and, allegedly, use it as a vehicle to take certain actions, enumerated in detail in the second amended complaint, that violated his fiduciary duties to the shareholders of AVE1 and/or AVE2. Furthermore, with respect to intent, there are additional factual allegations set forth in Counts I and II against Calhoun and his alleged scheme to fraudulently diminish the interests of other shareholders. Under these circumstances, the Court determines that the allegations contained in

the second amended complaint sufficiently plead scienter on the part of Calhoun to survive defendants' motion to dismiss. *Cf. Manliguez v. Joseph*, 226 F. Supp. 2d 377, 389-90 (E.D.N.Y. 2002) ("*Viewed in their totality*, the facts alleged in Plaintiff's complaint give rise to a strong inference that Defendants either intended to defraud Plaintiff, knew their statements were false, or recklessly disregarded the truth of their statements.") (emphasis added).

Finally, with respect to the additional allegation made during the November 2001 meeting in which AVE2 was formed – namely, Calhoun's alleged promise to "take care of" certain other individuals "down the line" – such an allegation may also legitimately support a claim of fraud if the alleged promise was made with an undisclosed intent not to perform it. *See Stewart v. Jackson & Nash*, 976 F.2d 86, 89 (2d Cir. 1992); *see also Eastman Kodak Co. v. Roopak Enters.*, 202 A.D.2d 220, 222 (N.Y. App. Div. 1994); *Lanzi v. Brooks*, 388 N.Y.S.2d 946, 947-48 (N.Y. App. Div. 1976). Plaintiffs here allege that Calhoun had no intent to honor such a promise by alleging that the statement was fraudulent at the time it was made (*see* Am. Compl. ¶ 21). *See Lam*, 265 F. Supp. 2d at 235 (finding *Lanzi* case inapposite where plaintiff "alleges that at the time American Express made an offer of employment to him, it already harbored the wrongful intent to deny him the benefits it had offered as an employment inducement."). Plaintiffs further seek to establish a "strong inference" of fraudulent intent by alleging that Calhoun came to quickly control AVE2, to the exclusion of the other individuals, and made other alleged misrepresentations in October and November 2001 that were also intended to cause plaintiffs to ratify AVE2 in a certain form.[4] Again, Calhoun's state of mind does not have to be alleged with particularity, because a strong inference of fraudulent intent may be supported by showing motive and opportunity or by alleging facts establishing circumstantial evidence of misbehavior. The Court finds that, having drawn all reasonable inferences in favor of plaintiffs, scienter has been sufficiently pled to survive a motion to dismiss.

In sum, plaintiffs have sufficiently supplemented their allegations with respect to Calhoun to meet the requisite standard of particularity set forth by Rule 9(b). The fraud allegations with respect to Calhoun are sufficiently specific to fulfill the purposes of Rule 9(b), *i.e.*, to "give the defendant adequate information to allow the defendant to frame a response" and "to allow the defendant a reasonable opportunity to answer the complaint." *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 257 (S.D.N.Y. 2008) (citing *Ross v. H.H. Robins Co.*, 607 F.2d 545, 557-58 (2d Cir. 1979), *cert. denied*, 446 U.S. 946 (1980)) (internal quotation marks omitted). Accordingly, the Court denies the motion to dismiss the fraud claim against Calhoun.

2. Hanrahan

In its prior Memorandum and Order, the Court determined that the initial complaint failed to allege any actual statements or acts

---

[4] This is therefore distinguishable from a scenario where, for instance, the only supporting factual allegation is that the promise was not performed. *See Garnier v. J.C. Penney Co., Inc.*, No. 91 Civ. 5563 (PNL), 1993 WL 42233, at *4 (S.D.N.Y. Feb. 17, 1993) ("Proof of fraudulent intent must be based on more than mere showing of later nonperformance of the alleged promise.").

of deception on the part of Hanrahan in order to sustain a claim of fraud. Plaintiffs' second complaint makes no further allegations against Hanrahan except the following:

> (1) "On or about May 6, 2006, Stair saw defendant Hanrahan who handed him the operating agreement for Sirius Development LLC. Plaintiff was furious when he found out that his interest in the Project decreased to 14%." (Am. Compl. ¶ 33.)

> (2) "On or about May 7, 2006, plaintiff received a phone call from defendant Hanrahan who stated to him that AVE2 was dissolved by New York State for failure to pay taxes. Defendant Hanrahan knew the statement to be false and made it with the intent that Stair rely on it and accept the diminished percentage of the Project allocated to him and not take any action against defendants." (Am. Compl. ¶ 34.)

However, Paragraph 33 is not a misrepresentation of fact or an unintended promise that may support a claim for fraud, and Paragraph 34 is an alleged misrepresentation that is not coupled with any alleged subsequent reliance undertaken by plaintiffs, and thus no claim of fraud arises with respect thereto.

Moreover, by stipulation entered into by the parties on July 22, 2009, plaintiffs agreed to strike paragraph 34 from the second amended complaint. Consequently, the fraud claim against Hanrahan cannot survive a motion to dismiss. Indeed, plaintiffs were unable to provide, in their motion papers and during oral argument, any basis for this claim against Hanrahan surviving a motion to dismiss. Accordingly, Count III is dismissed with respect to this defendant.

IV. CONCLUSION

For the reasons stated herein, the Court grants the motion to dismiss Count III of the complaint against Hanrahan, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. The motion is denied in all other respects. The parties shall proceed with discovery under the direction of Magistrate Judge E. Thomas Boyle.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: October 8, 2009
      Central Islip, NY

\* \* \*

The attorneys for plaintiffs are Marshall B. Bellovin, Susan Schneiderman, and Kira Tsiring, Esqs., of Ballon, Stoll, Bader & Nadler, P.C. 729 7th Ave., 17th Floor, New York, NY 10019. The attorneys for the defendants are Derek Adam McNally and James W. Kennedy, Esqs., of Kennedy Johnson Gallagher, LLC, 99 Wall Street, 15th Floor, New York, NY 10005.

8